In re:

**THE COMMUNITY HOUSE ASSOCIATION, BIRMINGHAM, MICHIGAN,**

Case No. 26-43351-tjt
Chapter 11
Hon. Thomas J. Tucker

Debtor.

**FIRST DAY MOTION FOR ENTRY OF ORDER (A) AUTHORIZING DEBTOR TO PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) DIRECTING FINANCIAL INSTITUTIONS TO HONOR OUTSTANDING EMPLOYEE OBLIGATION PAYMENTS**

The Community House Association, Birmingham, Michigan, as Debtor and Debtor in Possession (the "<u>Debtor</u>"), by and through its proposed counsel, Kerr, Russell and Weber, PLC, and for its *First Day Motion For Authority to (A) Pay Prepetition Employee Obligations and (B) Directing Financial Institutions to Honor Outstanding Employee Obligation Payments* (the "<u>Motion</u>"), states as follows:

## INTRODUCTION

As more fully set forth below, the Debtor seeks authority to pay prepetition payroll and related employee obligations. Debtor's next payroll is due on April 10, 2026 and must be funded by April 8, 2026. Accordingly, Debtor respectfully requests that a hearing on the Motion take place by no later than April 7, 2026.

1.  This Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.  Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

**BACKGROUND**

4.  On March 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under Chapter 11, Subchapter V, of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

5.  The Debtor continues to manage and operate its business as a Debtor in Possession pursuant to § 1184 of the Bankruptcy Code.

6.  As of the filing of this Motion, a Subchapter V Trustee has not been appointed.

7.  The factual background regarding the Debtor, including its business operations and the events leading to the filing of a Chapter 11 case, is set forth in the *Declaration of Alison Gaudreau in Support of Debtor's Chapter 11 Petition and*

*First Day Motions* filed contemporaneously with this Motion and fully incorporated herein by reference Docket No. 6.

## PREPETITION EMPLOYEE OBLIGATIONS

8. As of the Petition Date, the Debtor employs approximately 38 employees, including 24 full-time employees and 14 part-time employees (collectively, the "Employees") in the ordinary course of business and incurs obligations to them for compensation for their services.

9. Prior to the Petition Date, and in the ordinary course of its business, the Debtor paid its Employees bi-weekly in arrears, with each payroll covering the two-week pay period ending the prior Saturday. The Debtor processes payroll through Trion Employer Solutions, Inc. ("Trion"), a Professional Employer Organization ("PEO") that serves as the employer of record for the Employees under IRC §3401(d).

10. Pursuant to the Debtor's Professional Employer Agreement with Trion (the "PEO Agreement"), the Debtor reports compensation information to Trion, Trion calculates the total amount due for the applicable pay period, including gross wages, withholdings, payroll taxes, employer contributions, and administrative fees, and the total invoice amount is debited from the Debtor's bank account (the "Payroll Funding Amount"). Trion then disburses net wages directly to Employees by direct

deposit and remits all associated taxes and withholdings to the applicable taxing authorities.

11. In addition, Trion handles any deductions from employee paychecks for health care coverage or other benefits, reimbursement of employee expenses and a 401(k) plan. The Debtor makes no matching contributions to the 401(k) plan.

12. Debtor's payroll for the period ending March 21, 2026 has been funded.

13. Debtor's next payroll is due on April 10, 2026 and covers a pay period that straddles the Petition Date. Specifically, wages for the period of March 22, 2026 through March 25, 2026 constitute prepetition obligations and wages for the period of March 26, 2026 through April 4, 2026 constitute postpetition obligations. The prepetition portion of the Payroll Funding Amount for the April 10, 2026 payroll is estimated at $18,395.59 (the "Prepetition Employee Obligations").[1] The Debtor seeks authority to fund Trion for the prepetition portion of this payroll. The postpetition portion will be funded and paid in the ordinary course of business as an administrative expense of the estate pursuant to 11 U.S.C. § 503(b)(1).

**RELIEF REQUESTED**

14. Pursuant to §§ 105(a), 363(b), and 507(a) of the Bankruptcy Code, the Debtor respectfully requests that the Court enter an order (a) authorizing the Debtor to fund Trion for the Prepetition Employee Obligations; and (b) directing the Banks

---

[1] No reimbursement of employee expenses is included in the Prepetition Employee Obligations.

(as defined below) to honor all outstanding fund transfers and direct deposit transactions made by the Debtor in respect of the Prepetition Employee Obligations or any postpetition employee obligations.

**BASIS FOR RELIEF**

15. Under § 507(a)(4)(A), each employee is entitled to a priority claim of up to $17,150.00 for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date. Additionally, § 507(a)(5) provides up to $17,150.00 of priority status for employees' claims for contributions to certain employee-benefit plans, less amounts paid under § 507(a)(4).

16. Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, § 105(a) provides, *inter alia*, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title."

17. The Debtor asserts that the Prepetition Employee Obligations owed by the Debtor constitute priority claims under sections 507(a)(4) and (a)(5) of the Bankruptcy Code. As priority claims, the Debtor's estate must pay the Employee Prepetition Obligations in full before satisfying any of the Debtor's general unsecured obligations. Accordingly, the relief requested may affect only the timing

5

of the payment of these priority obligations, and it will not prejudice the rights of general unsecured creditors or other parties in interest.

18. As of the Petition Date, the Debtor asserts that no single employee will receive prepetition wages exceeding $17,150.00.

19. Any delay or failure to pay Prepetition Employee Obligations would irreparably impair the Employees' morale, dedication, confidence, and cooperation and would adversely impact the Debtor's relationship with its Employees at a time when the Employees' support is critical to the success of the Debtor's Chapter 11 Case. The Debtor simply cannot risk the substantial damage to the value of its business that would inevitably result from any decline in Employee morale or, worse, the loss of Employees who seek employment elsewhere.

20. The nature of the Debtor's business makes the continuity of its workforce particularly critical. The Debtor operates an early childhood education center, where the Employees provide direct care and educational services to enrolled children. Parents and guardians of enrolled children rely on the Debtor's services for childcare necessary to maintain their own employment. Any disruption to staffing — whether due to Employee departures caused by unpaid wages or uncertainty about the Debtor's ability to meet its payroll obligations — could cause families to withdraw their children from the program, resulting in an irreversible loss of enrollment revenue.

21. Similarly, the Debtor has contracted banquet and event clients with scheduled events that depend on the Debtor's Employees for staffing and execution. Cancellation or disruption of these events would result in immediate breach of contract claims against the estate, reputational harm, and the permanent loss of event revenue that is essential to the Debtor's reorganization efforts. The Employees are therefore not merely a cost center but the direct source of the Debtor's revenue and the foundation of its going-concern value.

22. Pursuant to F. R. Bankr. P. 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the filing of the petition if the relief is necessary to avoid immediate and irreparable harm. Absent an order granting the relief requested in this Motion, the Employees will suffer undue hardship and, in many instances, serious financial difficulties, as the amounts in question represent compensation that Employees have already earned and upon which they rely to meet their own personal financial obligations. Without the requested relief, the stability of the Debtor will be irreparably undermined because otherwise loyal Employees will seek employment alternatives, leaving the Debtor unable to staff its early childhood education center or fulfill its obligations to banquet and event clients with imminent scheduled events. The Debtor will suffer imminent and irreparable harm if the relief requested is not granted. Accordingly, the Debtor

submits that the requirements of F. R. Bankr. P. 6003 are met and the relief sought herein should be granted immediately.

23. With respect to the tax withholding components of the Payroll Funding Amount, the Debtor notes that pursuant to the PEO Agreement, Trion — as employer of record under IRC §3401(d) — is responsible for withholding, reporting, and remitting all payroll taxes to the applicable taxing authorities. The Debtor's obligation is to fund Trion in amounts sufficient to cover these remittances, which are already included within the Payroll Funding Amount. The payment of these obligations will not prejudice other creditors of the Debtor's estate, as the relevant taxing authorities generally hold priority claims under section 507(a)(8) of the Bankruptcy Code. Moreover, the portion of taxes withheld from wages is held in trust and is not property of the Debtor's estate under section 541. *See Begier v. IRS*, 496 U.S. 53, 67 (1990). Notwithstanding Trion's role as employer of record, the Debtor remains liable to Trion and any governmental authority for any obligations not fully funded under the PEO Agreement, providing further reason why this relief should be granted immediately.

24. The Debtor further requests that the Court authorize the Debtor's banks and other financial institutions (collectively, the "Banks") to receive, process, honor, and pay all prepetition and postpetition electronic fund transfers requested or to be

requested by the Debtor, and to effect new postpetition electronic fund transfers to replace any prepetition transfers that may be dishonored or rejected.

25. As a result of the commencement of the Debtor's Chapter 11 Case, and in the absence of an order of the Court providing otherwise, the Banks may dishonor or reject the Debtor's wire transfers and direct deposit transfers in respect of the Prepetition Employee Obligations and all postpetition employee obligations.

26. The Debtor represents that each of these transfers is or will be drawn on the Debtor's accounts and can be readily identified as relating directly to the funding of Trion in connection with the Prepetition Employee Obligations and all postpetition employee obligations. Accordingly, the Debtor believes that the Banks will not inadvertently honor transfers other than those relating to the Prepetition Employee Obligations and postpetition employee obligations.

27. Authorization to pay all amounts on account of Prepetition Employee Obligations any postpetition employee obligations shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to §§ 365 or 1113 of the Bankruptcy Code, including without limitation, the PEO Agreement. The Debtor is in the process of reviewing these matters and reserves all of its rights.

28. For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of the estate.

9

## NOTICE

29.     A Subchapter V Trustee has not been appointed. Pursuant to E.D. Mich. LBR 9013-1, a copy of this Motion and Notice has been served on the (a) Office of the United States Trustee; (b) the Subchapter V Trustee; (c) Debtor's secured creditor, Chief Financial Credit Union; (d) the twenty (20) largest unsecured creditors of the Debtor at their last known addresses; and (e) any party which has filed prior to such date a request for notices under F. R. Bankr. P. 2002 with this Court. In light of the nature of the relief requested, the Debtor submits that no additional notice need be given.

## NO PRIOR REQUEST

30.     No previous motion for the requested relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form of **Exhibit A** (a) authorizing the Debtor to fund the Prepetition Employee Obligations; (b) directing the Banks to honor all outstanding fund transfers and direct deposit transactions made by the Debtor in respect of the Prepetition Employee Obligations and all post petition employee obligations; and (c) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  March 26, 2026          **KERR, RUSSELL AND WEBER, PLC**

By:/s/ *Jason W. Bank*
Jason W. Bank (P54447)
Danielle M. Love (P86248)
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
jbank@kerr-russell.com
dlove@kerr-russell.com
*Proposed Counsel for Debtor and*
*Debtor in Possession*

# EXHIBIT A

In re:

**THE COMMUNITY HOUSE ASSOCIATION, BIRMINGHAM, MICHIGAN,**

Debtor.

Case No. 26-43351-tjt
Chapter 11
Hon. Thomas J. Tucker

---

## ORDER AUTHORIZING DEBTOR TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) DIRECTING FINANCIAL INSTITUTIONS TO HONOR OUTSTANDING <u>EMPLOYEE OBLIGATION PAYMENTS</u>

This matter is before the Court on the *First Day Motion For Authority to (A) Pay Prepetition Employee Obligations and (B) Directing Financial Institutions to Honor Outstanding Employee Obligation Payments* (the "<u>Motion</u>") filed by the Community House Association, Birmingham, Michigan (the "<u>Debtor</u>"). The Court having considered the Motion and finding that it has jurisdiction over this proceeding; that this is a core proceeding; that the service and notice of the Motion was sufficient under the circumstances; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; the relief requested in the Motion is in the best interests of the Debtor, the estate, creditors; relief under F. R. Bankr. P. 6003 is necessary to avoid immediate and irreparable harm; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.     The Motion is GRANTED.

2.     The Debtor is authorized to fund the Prepetition Employee Obligations.[2]

3.     The Debtor's banks and all other financial institutions at which the Debtor maintains those accounts which are utilized to pay the Employee Obligations are directed to honor all fund transfer requests made by the Debtor related to the foregoing, to the extent sufficient funds are on deposit in such accounts.

4.     Under 11 U.S.C. §§ 507(a)(4) and (5), no payment(s) to any single employee on account of any Prepetition Employee Obligation shall exceed, in the aggregate, $17,150.00. Similarly, the Debtor shall not make any payment to any Employee on account of any Prepetition Employee Obligation that was not earned within 180 days before the date that the Debtor filed its bankruptcy petition with this Court.

5.     Notwithstanding the possible applicability of F. R. Bankr. P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon their entry.

6.     The Court shall retain jurisdiction to hear and determine all matters

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

arising from the implementation of this Order.