**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

**THE COMMUNITY HOUSE ASSOCIATION,**
**BIRMINGHAM, MICHIGAN,**

Case No. 26-43351-tjt
Chapter 11
Hon. Thomas J. Tucker

          Debtor.

**NOTICE OF ALTERNATIVE OFFER TO PURCHASE PROPERTY DESCRIBED IN DE 65, MOTION FOR ENTRY OF ORDER AUTHORIZING THE SALE OF DEBTOR'S PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS ENCUMBRANCES, AND INTERESTS (BUT SUBJECT TO PERMITTED EXCEPTIONS) AND FOR CERTAIN RELATED RELIEF.**

TO THE COURT AND ALL PARTIES IN INTEREST:

There is presently a pending *Motion for Entry of Order Authorizing the Sale of Debtor's Property Free and Clear of All Liens, Claims, Encumbrances, and Interests (But Subject to Permitted Exceptions) and for Certain Related Relief* (the "Sale Motion"). In the Sale Motion, the Debtor seeks to sell certain Property (defined below) to the City of Birmingham.

In order to permit the Court to evaluate the Sale Motion, it must contain a plain statement of the relevant facts. However, the Sale Motion omits critical facts -- most specifically, the Sale Motion never mentions a higher and better bid from the Julie and Mark Pulte Charitable Foundation (the "Foundation").

At all relevant times, including before and during this Bankruptcy Case, the Foundation has attempted to purchase certain property, including real estate located at 380 S. Bates, Birmingham, Michigan (together with personal property located at that site, the "Property").[1] Although it has not been disclosed in the Sale Motion, the Foundation engaged in extensive

---

[1] The Property is defined in DE 65 and consists of real estate and personal property, as well as certain . Marshall Fredericks Sculptures located at the Property as well as the intangible property necessary to operate the Property. The Foundation believes that its offer is for the identical property described in the Sale Motion.

negotiations with the Community House Association, Birmingham, Michigan (the "Debtor") for the purchase of the Property.

On May 18, 2026, the Foundation submitted a proposal to purchase the Property from the bankruptcy estate of the Debtor for the sum of $5,500,000.[2] Unlike the offer from the City, the Foundation's offer does not require the splitting of the Debtor's endowment, or the reduction of the purchase price if the endowment cannot be split, which the City intends to use to pay overhead expenses.

The Foundation intends to use the Property for non-profit, charitable purposes consistent with its history as a gathering place for the Birmingham community and others. The Foundation's use will be consistent with the Deed Restriction on the Property and with applicable law. The Foundation is ready, willing and able to close on the property before June 30, 2026 in accordance with the terms of the Agreement submitted by the Foundation prior to the City of Birmingham offer, so the Debtor's cash flow issues will not prevent a sale to the Foundation.

The Debtor stated in its Sale Motion that the City of Birmingham's offer was the highest and best offer for the Property. The Foundation's offer is higher and better. Among other things:

1. Although both the Foundation's offer and the City's offer will pay all creditors in full, the Foundation's offer provides more money for the Debor's future charitable activities, and allows the Debtor to maintain its rights to use all of the endowment funds held by the Community Foundation for Southeast Michigan for the Debtor's benefit.
2. The City's offer is on-behalf of a nonprofit entity to be formed. The Foundation is an experienced non-profit operator of community venues like the Community House.
3. The Foundation is an independent apolitical organization willing to serve the community.
4. The Foundation has invested millions of dollars renovating and modernizing similar venues for charitable purposes.
5. The Foundation is a well-established, well-funded Michigan-based organization with unique expertise and experience that will allow it to provide a world-class facility for use by the community.

Even more importantly, however, it is critical that the Court and parties in interest have the opportunity to review the Foundation's offer to allow them to conclude that the Foundation's offer is both higher and better. Therefore, this notice has been filed to make the Court and all parties evaluating the motion aware of the Foundation's offer.

---

[2] The Foundation submitted a prior purchase offer for the Property (excluding the . Marshall Fredericks Sculptures) before the City of Birmingham offer was submitted. That offer was for $4,500,000. At all times, the Debtor knew that the Foundation was an interested buyer of the Property.

Respectfully Submitted,

BUTZEL LONG, P.C.


_____/s/ Max J. Newman_____
By:     Max J. Newman (P51483)
Attorneys for the Julie and Mark Pulte Charitable
Foundation
201 W. Big Beaver, Ste. 1200
Troy, MI  48084
(248) 258-2907
newman@butzel.com

DATED:        June 5, 2026