**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

In re:

**THE COMMUNITY HOUSE ASSOCIATION,**
**BIRMINGHAM, MICHIGAN,**

       Debtor.

Case No. 26-43351-tjt
Chapter 11
Judge Thomas J. Tucker

---

**DEBTOR'S EX-PARTE MOTION TO STRIKE**
**"NOTICE OF ALTERNATIVE OFFER TO PURCHASE REAL**
**PROPERTY DESCRIBED IN DE 65, FOR ENTRY OF**
**ORDER AUTHORIZING THE SALE OF DEBTOR'S PROPERTY FREE**
**AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND**
**INTERESTS (BUT SUBJECT TO PERMITTED EXCEPTIONS) AND**
**FOR CERTAIN RELATED RELIEF"**
**OR REQUEST FOR EXPEDITED HEARING**

The Community House Association, Birmingham, Michigan, as Debtor and

Debtor-in-Possession (the "Debtor" or "TCHA"), by and through its counsel, Kerr,

Russell and Weber, PLC, and in support of its *Ex-Parte Motion to Strike "Notice of*

*Alternative Offer to Purchase Real Property Described in DE 65, for Entry of Order*

*Authorizing the Sale of Debtor's Property Free and Clear of All Liens, Claims,*

*Encumbrances, and Interests (But Subject to Permitted Exceptions) and for Certain*

*Related Relief" or Request for Expedited Hearing* (the "Motion"), states as follows:

**BACKGROUND**

1. On March 26, 2026, the Debtor filed a voluntary petition under Chapter

11 of the United States Bankruptcy Code (the "Code"). The Debtor filed for chapter

11 in part to pursue a sale of real property located at 380 S. Bates in Birmingham, Michigan (the "Property"). *See Declaration of Alison Gaudreau in Support of Debtor's Chapter 11 Petition and First Day Motions* ("First Day Declaration", Doc 6).

2. The Property is subject to a charitable and other purpose conveyance condition or restriction (the "Deed Restriction"), as further discussed in paragraphs 12-15 of the Sale Motion (Doc 65) (as defined below).

3. Prior to and after the Petition Date, the Debtor has been in discussions with various interested parties regarding the potential sale of the Property -- including Mark Pulte, who conducted a walkthrough of the Property and met with Debtor's representatives regarding a possible purchase of the Property in November 2025.

4. In April 2026, the Debtor conducted additional discussions with Pulte Foundation representatives ("Pulte") regarding a potential purchase of the Property, and Pulte tendered an offer of $4.5 million to purchase the Property. Pulte made it clear to Debtor it was not willing to increase its offer, and held firm at $4.5 million.

5. On May 15, 2026, the Debtor and the City of Birmingham (the "City") executed a Term Sheet in which the City agreed to purchase the Property for $5.2 million. Thereafter, the Debtor and City negotiated the terms of a Real Estate Purchase Agreement (the "Agreement"), which was executed by the Debtor on May

17, 2026 -- *prior to* the submission of the revised offer by Pulte on May 18, 2026. Upon information and belief, Pulte submitted its revised offer *after* the proposed sale to the City became public.

6. On May 20, 2026, the Debtor filed *Debtor's Motion for Entry of Order Authorizing the Sale of Debtor's Property Free and Clear of All Liens, Claims, Encumbrances, and Interests (But Subject to Permitted Exceptions) and for Certain Related Relief* (the "Sale Motion", Doc. 65). In the Sale Motion, the Debtor seeks approval of the sale of the Property to the City, subject to the Deed Restriction, for $5.2 million, and approval of the Agreement containing and mutual releases between the Debtor and the City, among other provisions.

7. On June 5, 2026, the Julie and Mark Pulte Charitable Foundation ("Pulte") filed a "*Notice of Alternative Offer to Purchase Property Described in [the Sale Motion]*" (the "Notice", Doc. 77).

8. The Notice references a revised offer submitted by Pulte on May 18, 2026 -- *after* the Debtor and the City had reached an agreement to sell the Property to the City for $5.2 million, subject to the Deed Restriction (defined in the Sale Motion as "Permitted Exceptions"), and contingent upon mutual releases between the Debtor and the City.

9. The City has indicated that a sale of the Property to Pulte would violate the Deed Restrictions. As a result, any potential sale to Pulte faces the risk of not

3

being approved, or would result in continued litigation, thereby jeopardizing the Debtor's critical need to close on a sale of the Property by June 30, 2026 due to its liquidity issues.

10. Accordingly, as set forth in the Sale Motion, given that the previous, firm offer by the Pulte Foundation was significantly lower than the City's $5.2 million, and coupled with the timing urgency, the Debtor entered into a Purchase Agreement with the City and asserts that a sale to the City is still the best decision and should be approved by the Court.

### REQUESTED RELIEF

11. Local Rule 9014-1(c)(2) provides in relevant part that objections to motions "must comply with Fed. R. Civ. P. 8(b), (c) and (e), and if an objection is not timely filed, the court may grant the motion without a hearing", requiring the movant to provide such notice to parties required to be served with the motion. Debtor's Motion complies with E.D. Mich. LBR 9014-1. *See* Sale Motion, page 34 of 76.

12. Pulte fails to comply with Local Rule 9014-1, including by failing to comply with Fed. R. Civ. P. 8(b), (c) and (e), which requires a respondent, among other things, to state in short and plain terms its defenses to each claim asserted in the Motion, admit or deny the allegations asserted by the movant, and for any denial

fairly respond to the substance of the allegation in the Sale Motion. Pulte fails to respond to any statements or allegations in the Sale Motion whatsoever.

13. Indeed, Pulte styles the filing as a "Notice": a notice to the Court and interested parties. There is no court rule that permits a party to file a notice such as the one that Pulte has filed.

14. The Court should strike the Notice for failing to comply with E.D. Mich. LBR 9014-1.

15. In addition, Pulte is not an interested party or creditor in this case and has no pecuniary interest in the outcome of this proceeding.

16. The Sixth Circuit has made very clear that frustrated bidders do not have standing to object to the sale of property.

> PSC likewise lacked standing to appeal the bankruptcy court's orders. Frustrated bidders do not have standing to object to the sale of property. Although an exception exists where an unsuccessful bidder challenges the intrinsic structure of the sale because it is tainted by fraud, mistake, or unfairness . . . PSC did not allege or offer any evidence of intrinsic unfairness. PSC merely objected to the bid process as a disappointed bidder seeking a new auction. PSC is thus not within the "zone of interests" to be protected by the Bankruptcy Code and applicable law. In addition, as the district court held, because PSC was a potential purchaser, it lacked any interest in the property.

> PSC also failed to establish that it was aggrieved by the Bid or Sale Order because PSC was not "directly and adversely affected pecuniarily by the order." PSC lacked standing because it did not establish that the Sale Order diminished its property, increased its burden or impaired its rights. Further, as the district court found, PSC's letter stating that it wished to submit a bid did not meet the

criteria for a "qualified bid" pursuant to the terms of the Bid Order, PSC was not a qualified bidder. Thus, PSC has no basis, let alone standing, to challenge the structure of the bid procedures. In sum, the district court correctly held that PSC lacked standing to pursue the appeal.

*In re Squire*, 282 F. App'x 413, 416 (6th Cir. 2008) (*citing In re Planned Sys., Inc.,* 82 B.R. 919, 922 (Bankr.S.D.Ohio 1988); *Dick's Clothing & Sporting Goods, Inc. v. Phar–Mor, Inc.*, 212 B.R. 283, 288–89 (N.D.Ohio 1997); *Kabro Assocs. of West ISLIP, LLC, v. Colony Hill Assocs. (In re Colony Hill Assocs.),* 111 F.3d 269, 274 (2d Cir.1997); *In re Harwald Co.,* 497 F.2d 443, 444–45 (7th Cir.1974); *In re First Cincinnati, Inc.*, 286 B.R. at 51; *and Harker v. Troutman (In re Troutman Entreprs.)*, 286 F.3d 359, 364 (6th Cir.2002). See also In re TAJ Graphics Enters., LLC, 592 B.R. 668, 670 (Bankr. E.D. Mich. 2018). See also, e.g., this Court's opinions in *In re TAJ Graphics Enters*., LLC, 592 B.R. at 670; *In re Moss*, 320 B.R. 143, 149-50 (Bankr. E.D. Mich. 2005); *In re DiNoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich. 2017); and *In re Underwood*, 583 B.R. 438, 440-41 (Bankr. E.D. Mich. 2018).

17. Accordingly, Pulte does not have standing to object to the Sale Motion, even if it attempted to do so, which it has not attempted to do in connection with the Notice.

18. Fed. R. Bankr. P. 9006 and Local Rule 9006-1(b) permit the Court to eliminate or reduce the time period to respond to any motion for cause.

19. Given the nature of the improper filing of the Notice, as well as Pulte's lack of standing, the Debtor asserts that cause exists to strike the Notice without further notice or hearing.  In the alternative, Debtor asserts that cause exists to reduce the period to respond and schedule an expedited hearing on the Motion.[1]

### RESERVATION OF RIGHTS

20. The Debtor reserves the right to file a reply brief to any objections and responses to the Sale Motion in accordance with the Local Rule 9014-1.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court (a) grant the Motion, (b) enter an order substantially in the form of **Exhibit 1** and (c) granting such other and further relief as is just and equitable.

Respectfully submitted,

Dated:  June 9, 2026

**KERR, RUSSELL AND WEBER, PLC**

By:/s/ *Jason W. Bank*
Jason W. Bank (P54447)
Danielle M. Love (P86248)
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
jbank@kerr-russell.com
dlove@kerr-russell.com
*Counsel for Debtor and*
*Debtor in Possession*

---

[1] The Court has scheduled a hearing on the Sale Motion for June 17, 2026 at 12:00 p.m.  *See* Doc 79.

7

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

**THE COMMUNITY HOUSE ASSOCIATION,
BIRMINGHAM, MICHIGAN,**

Case No. 26-43351-tjt
Chapter 11
Judge Thomas J. Tucker

Debtor.

**ORDER GRANTING DEBTOR'S EX-PARTE MOTION TO STRIKE
"NOTICE OF ALTERNATIVE OFFER TO PURCHASE REAL
PROPERTY DESCRIBED IN DE 65, FOR ENTRY OF
ORDER AUTHORIZING THE SALE OF DEBTOR'S PROPERTY FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS (BUT SUBJECT TO PERMITTED EXCEPTIONS) AND
<u>FOR CERTAIN RELATED RELIEF"</u>**

This matter having come before this Court upon the *Debtor's Ex-Parte Motion* (the "<u>Motion</u>") *to Strike "Notice of Alternative Offer to Purchase Real Property Described in DE 65, for Entry of Order Authorizing the Sale of Debtor's Property Free and Clear of All Liens, Claims, Encumbrances, and Interests (But Subject to Permitted Exceptions) and for Certain Related Relief"* (the "<u>Notice</u>", Doc 77). The Court finds that no notice was necessary under the circumstances.

**IT IS HEREBY ORDERED** that the Motion is Granted and the Notice is stricken from the record.