## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

**THE COMMUNITY HOUSE ASSOCIATION, BIRMINGHAM, MICHIGAN,**

Debtor.

Case No. 26-43351-tjt
Chapter 11
Judge Thomas J. Tucker

## DEBTOR'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER AUTHORIZING THE SALE OF DEBTOR'S PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS (BUT SUBJECT TO PERMITTED EXCEPTIONS) AND <u>FOR CERTAIN RELATED RELIEF</u>

The Community House Association, Birmingham, Michigan, as Debtor and Debtor-in-Possession (the "<u>Debtor</u>" or "<u>TCHA</u>"), by and through its counsel, hereby submits its *Reply in Support of Debtor's Motion for Entry of Order Authorizing the Sale of Debtor's Property Free and Clear of All Liens, Claims, Encumbrances, and Interests (But Subject to Permitted Exceptions) and for Certain Related Relief* (the "<u>Motion</u>" or "<u>Sale Motion</u>") and states as follows:

### A. INTRODUCTION

On May 20, 2026, Debtor filed the Sale Motion requesting approval of a sale of the Property[1] to the City of Birmingham for $5.2 million in accordance with the terms of the Real Estate Purchase Agreement (the "<u>Agreement</u>"). Since the filing of

---

[1] Capitalized terms not defined herein have the meanings set forth in the Motion.

the Sale Motion, the Debtor has held discussions with the Subchapter V Trustee and the United States Trustee regarding the Sale Motion. As a result of those discussions, the Subchapter V Trustee and the United States Trustee have confirmed they do not object to the proposed sale.

Two responses were filed to the Sale Motion:

- The Julie and Mark Pulte Charitable Foundation ("Pulte") filed a *"Notice of Alternative Offer to Purchase Property Described in [the Motion]"* (the "Notice", Doc. 77)

- The City of Birmingham (the "City") filed the *City of Birmingham's Response in Support of Debtor's Motion for Entry of Order Authorizing the Sale of Debtor's Property Free and Clear of All Liens, Claims, Encumbrances, and Interests (But Subject to Permitted Exceptions) and for Certain Related Relief* (the "City Response", Doc. 84).

No other objections or responses were raised, meaning that the only objection to the sale was filed by Pulte, an unsuccessful bidder for the Property who is not a creditor and has no standing to object.

The Sale Motion should be granted, and the sale and transactions contemplated by the Agreement should be approved, because (a) the sale is an exercise of Debtor's sound business judgment, (b) the sale will close by June 30, 2026, a critical date for the Debtor, (c) no creditors have objected to the sale, (d) all creditors will be paid in full through the proceeds of the sale, and (e) the Agreement will resolve all disputed issues between the Debtor and City that have been the

subject of the City's lawsuit against Debtor in Oakland County Circuit Court, Case No. 25-219218-CZ (the "Lawsuit").[2]

In addition, as a non-profit organization, the Debtor's goal is to exit Chapter 11 and continue its charitable and philanthropic mission for the benefit of the community. By closing on a sale and resolving all disputed issues with the City, the Debtor will be maximizing funds available for these charitable endeavors. Any alternative would be fraught with risk and place the funds available for charitable endeavors at risk.

**B. THE DEBTOR HAS EXERCISED SOUND BUSINESS JUDGMENT IN CONNECTION WITH THE PROPOSED SALE**

Since March 26, 2026 -- the bankruptcy filing date -- the Debtor has made it clear to all creditors and prospective purchasers that the Debtor faces a liquidity cliff on June 30, 2026, when it will likely run out of cash.[3] Accordingly, Debtor's efforts during this Chapter 11 case have been laser focused on achieving a sale by June 30.

The Debtor spent considerable time during the month of April and the first half of May negotiating and discussing a potential sale with interested parties. The Debtor also held extensive discussions with the City during this time period in an effort to resolve its issues and disputes regarding the legal effect of the Deed

---

[2] The Lawsuit is currently stayed, but will be dismissed if the Sale Motion (and related Agreement) are approved. Pending such approval and dismissal, the Debtor reserves all of its rights and defenses relating to the Lawsuit.

[3] *See Declaration of Alison Gaudreau in Support of Debtor's Chapter 11 Petition and First Day Motions* ("First Day Declaration", Doc 6), paragraph 18.

Restriction that has been subject to the Lawsuit. The Debtor also held extensive negotiations with the City regarding a potential sale of the Property to the City.

On or around May 15 -- just 45 days before the June 30 liquidity deadline -- the Debtor determined that it must move forward and reach the best deal possible under the circumstances to obtain Court approval and timely complete a closing. Debtor was faced with two options: the Pulte offer of $4.5 million and possibly continue litigation with the City over the Deed Restriction, or negotiate a sale of the Property to the City subject to the Deed Restriction, where any potential litigation over the Deed Restriction would be resolved.

The Debtor subsequently negotiated a sale to the city for $5.2 million: $700,000 higher than the offer submitted by Pulte at the time, thereby assuring a prompt resolution of the Deed Restriction dispute so the Property could be sold by June 30.

The litigation over the Deed Restriction in the Lawsuit has been well documented in the Sale Motion and the City's Response. Any interpretation and ruling regarding the Deed Restriction would likely be a tedious, protracted process fraught with litigation. If the Debtor had procured financing past June 30 and a much higher offer for the Property that would cover all litigation costs, the Debtor could potentially consider other offers. But that is not the case here.

The Court should approve the Motion because the contemplated sale represents a sound exercise of the Debtor's business judgment under the circumstances.

### C. PULTE'S NOTICE/OBJECTION SHOULD BE OVERRULED

Pulte correctly states in the Notice that it attempted to purchase the Property before and after the filing of Debtor's bankruptcy case. Pulte incorrectly states that it submitted the highest and better bid and omits several key facts regarding Pulte's interest and pursuit of the Property. The Debtor incorporates its *Ex-Parte Motion to Strike the Notice* ("Motion to Strike", Doc. 80) as if fully restated herein.

As set forth in the Motion to Strike, Debtor held discussions with the Pulte Foundation regarding a potential sale of the Property prior to and after the bankruptcy filing. Pulte submitted an offer of $4.5 million and indicated it would hold firm at $4.5 million. The Debtor subsequently entered into the Agreement to sell the Property to the City for $5.2 million -- prior to Pulte increasing its bid.

While Pulte has increased its bid, its revised offer is still not the highest and best offer. The City's Response makes it abundantly clear that Pulte's purchase of the Property would not satisfy the City's interpretation of the Deed Restriction, meaning any proposed sale to Pulte would result in further litigation and

26-43351-tjt   Doc 91   Filed 06/12/26   Entered 06/12/26 11:49:23   Page 5 of 9

administrative expense that would likely eat up any excess proceeds from Pulte's bid.[4]

In addition, as set forth in paragraphs 15-17 of the Motion to Strike, Pulte does not have standing to object to the proposed sale to the City.

### D. THE SCULPTURES AND THE CFSEM ENDOWMENT

As set forth in paragraph 29 of the Agreement, the Debtor is proposing to sell the Marshall Fredericks' sculptures currently located at the Property, along with other personal property located at the Property, to the City. While the sculptures have been appraised at a total of $450,000, it is highly unlikely that the sculptures could be sold on the open market and removed from the premises at the Property. One donor letter suggests that the sculptures be "permanently placed" at The Community House. Under both the City and Pulte's revised offer, the sculptures will remain at the Property.

As set forth in paragraph 27 of the Agreement, the sale to the City contemplates a split of the endowment held for the benefit of Seller to support the charitable purposes of The Community House of Birmingham (the "Endowment"). The Endowment is held at the Community Foundation of Southeast Michigan. The Debtor is a beneficiary of the Endowment but does not have an ownership interest

---

[4] The Debtor has not performed an extensive investigation into the Pulte Foundation and does not take a position on the City's statements made regarding the Pulte Foundation.

in the Endowment. As stated in the City's Response, the City has reserved all rights and claims regarding the Endowment, if the Motion is not approved, so the proposed split of the Endowment represents a settlement between the Debtor and the City on this issue, and also permits that funds from the Endowment be utilized for the support of the Property moving forward.

<u>CONCLUSION</u>

WHEREFORE, the Debtor respectfully requests that this Court grant the Sale Motion and award such other and relief as is just and equitable.

Respectfully submitted,

Dated:  June 12, 2026

**KERR, RUSSELL AND WEBER, PLC**

By:/s/ *Jason W. Bank*
Jason W. Bank (P54447)
Danielle M. Love (P86248)
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
jbank@kerr-russell.com
dlove@kerr-russell.com
*Counsel for Debtor and*
*Debtor in Possession*

In re:                                                    )
                                                          )      Case No.  26-43351-tjt
**THE COMMUNITY HOUSE ASSOCIATION,**  )      Chapter 11
**BIRMINGHAM, MICHIGAN**                   )      Judge Thomas J. Tucker
                                                          )
        Debtor.                                    )
                                                          )

## CERTIFICATE OF SERVICE

I, Jason W. Bank, certify that on June 12, 2026, I filed the *Debtor's Reply in Support of Motion for Entry of Order Authorizing the Sale of Debtor's Property Free and Clear of All Liens, Claims, Encumbrances, and Interests (But Subject to Permitted Exceptions) and for Certain Related Relief* with the Clerk of the Court using the Court's electronic filing system which electronically served the following creditors and parties-interest that have appeared in the case as follows:

Brendan G Best on behalf of Interested Party The City of Birmingham, Michigan
bgbest@varnumlaw.com, tachristians@varnumlaw.com

Heather L. Donald on behalf of Creditor State of Michigan Department of Treasury
donaldh@michigan.gov

Stuart A. Gold on behalf of Creditor Detroit IT, LLC
sgold@glmpc.com, sgold@ecf.courtdrive.com

Timothy Graves (UST) on behalf of U.S. Trustee Andrew R. Vara
Timothy.Graves@usdoj.gov

Brien W Heckman on behalf of Attorney Brien Heckman
heckmanb1@michigan.gov, MurphyA@michigan.gov; GeeM1@michigan.gov

Richardo I. Kilpatrick
rkilpatrick@kaalaw.com, MI58@ecfcbis.com

Kurt M. Kobiljak on behalf of Creditor Chief Financial Credit Union
kkobiljak@pck-law.com

Max J. Newman on behalf of Interested Party Julie and Mark Pulte Charitable
Foundation
newman@butzel.com

Jaye Quadrozzi, on behalf of Interested Party The City of Birmingham, Michigan
jcquadrozzi@varnumlaw.com

Dated: June 12, 2026        Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: /s/ *Jason W. Bank*
       Jason W. Bank (P54447)
       Danielle M. Love (P86248)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
jbank@kerr-russell.com
dlove@kerr-russell.com
*Counsel for Debtor and Debtor-In-Possession*