Revised 12/1/2016

## UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

**In re:** THE COMMUNITY HOUSE ASSOCIATION, BIRMINGHAM, MICHIGAN

*[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*

**Chapter:** 11

**Case No.:** 26-43351-tjt

**Judge:** Thomas J. Tucker

**Debtor(s)**

Address 380 South Bates, Birmingham, Michigan 48009
_____

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-1256004

**NOTICE OF** Creditor Aline Ann Daniel's Motion for Relief From Automatic Stay

**(Motion or Objection)** enter an Order Granting relief from the automatic stay to permit Movant to proceed with the civil action in the Circuit Court of Oakland, State of Michigan, Case No. 2026-220089-NO, to final judgment; Permitting Movant to enforce any judgment obtained therein solely against the Debtor's liability insurance proceeds; and Granting such other and further relief as this Court deems just and proper.

Creditor Aline Ann Daniel has filed papers with the court to_____

{relief sought in motion or objection}

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to [relief sought in a motion or objection], or if you want the court to consider your views on the [motion] [objection], within 21 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
(Mail to correct Court Address
Detroit, Flint or Bay City)

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

{movant's attorney's name, address and telephone number}

{name and addresses of others to be served}

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: 06/17/2026

Signature /s/ Nichole A. Omilion
Name
Address

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

In re:

THE COMMUNITY HOUSE ASSOCIATION,
BIRMINGHAM, MICHIGAN,

Debtor.

Case No. 26-43351-tjt
Chapter 11

## CREDITOR ALINE ANN DANIEL'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Creditor Aline Ann Daniel ("Movant"), by and through her attorneys, Marko Law, PLLC, respectfully moves this Court for entry of an Order granting relief from the automatic stay to permit Movant to pursue her personal injury claims against the Debtor and its liability insurer, Philadelphia Indemnity Insurance Company, in the Oakland County Circuit Court, and in support thereof states as follows:

### INTRODUCTION

Movant is a creditor of the Debtor who sustained serious and permanent physical injuries on August 27, 2025, as a result of the Debtor's negligent maintenance of its premises. Her claims are fully covered by the Debtor's commercial general liability insurance policy with a per-occurrence limit of $1,000,000 and a general aggregate limit of $3,000,000. Granting relief from the stay will cause no harm to the bankruptcy estate, as any recovery will be paid solely from insurance proceeds. Conversely, maintaining the stay causes severe and ongoing prejudice to Movant, who has undergone multiple surgeries and

continues to suffer permanent, disabling injuries while she is unable to pursue her legal remedies.

## BACKGROUND

### A. The Underlying Civil Action

On or about January 12, 2026, Movant filed suit against the Debtor in the Circuit Court for the County of Oakland, State of Michigan, Case No. 2026-220089-NO, captioned *Aline Ann Daniel v. Birmingham Community House Association*. The action arises from a premises liability incident that occurred on August 27, 2025, at Debtor's facility located at 380 South Bates Street, Birmingham, Michigan, when Movant tripped and fell on a defective, raised, and broken section of pavement at the entrance to the premises. The defective sidewalk measured approximately nine (9) inches in width by seventeen and one-half (17½) inches in length and was located twenty-four (24) inches east of the front step to The Community House, and consisted of broken concrete with raised and depressed portions of the concrete walking surface due to significant cracking and cratering. Upon information and belief, the dangerous and defective condition had existed for a period in excess of thirty (30) to ninety (90) days prior to Plaintiff's fall, and The Community House made repairs to the incident location within days of the occurrence of the incident.

### B. Movant's Injuries

As a direct result of the Debtor's negligence, Movant sustained severe, permanent, and disabling injuries. Movant underwent left shoulder arthroscopy with manipulation under anesthesia on February 25, 2026, with postoperative diagnoses including left shoulder

glenoid chondromalacia grade II-III, SLAP tear with extensive labral tearing from 4 o'clock to 10 o'clock, partial-thickness tear of the supraspinatus tendon, rotator interval tear with scar tissue formation, synovitis of the left shoulder, subacromial impingement syndrome, subacromial bursitis, and acromioclavicular joint arthritis. Movant underwent left knee arthroscopy, scheduled for April 22, 2026. Operative findings for the left knee demonstrated significant medial compartment cartilage degeneration, meniscal tearing, mild lateral compartment arthritic changes, and early patellofemoral arthritic changes; the work-related injury was considered a significant contributing factor to Movant's current condition, surgery, and ongoing treatment needs. Movant's treating orthopedic surgeon, Stephen Mendelson, MD, determined that Movant is unable to sustain full-time work with no projected return-to-work date, with restrictions including limited walking, standing, bending of the knee, lifting, pushing, pulling, and overhead reaching.

## C. The Bankruptcy Filing and Stay

On March 26, 2026, the Debtor filed a voluntary Chapter 11 bankruptcy petition in this Court, Case No. 26-43351-tjt, in the United States Bankruptcy Court for the Eastern District of Michigan. The filing imposed an automatic stay on the prosecution of the civil action, and on April 16, 2026, the Oakland County Circuit Court entered an Order for Administrative Closing Due to Bankruptcy Stay.

## D. The Debtor's Liability Insurance

At the time of the incident, the Debtor was insured under a Commercial General Liability policy issued by Philadelphia Indemnity Insurance Company, Policy No. PHPK2682400-002, with limits of $1,000,000 per occurrence, $3,000,000 general aggregate, covering

the premises at 380 S. Bates St., Birmingham, MI 48009, for the policy period May 20, 2025 to May 20, 2026. Philadelphia Indemnity Insurance Company has assigned Claim No. PIINP25091736331 to this matter and has been actively investigating the claim since October 2025.

## **ARGUMENT**

### **I. Cause Exists to Grant Relief from the Automatic Stay. 11 U.S.C.§362(d)(1).**

The automatic stay may be lifted for "cause," which includes situations where a creditor's claim is covered by the debtor's liability insurance and any recovery will be limited to insurance proceeds without diminishing the bankruptcy estate. Such is precisely the case here. The Debtor's Philadelphia Indemnity Insurance Company policy provides $1,000,000 per occurrence coverage, which is available to satisfy Movant's claims. Any judgment or settlement recovered by Movant would be paid entirely from insurance proceeds and would impose no financial burden on the Debtor's estate or its reorganization efforts.

### **II. The Balance of Harms Strongly Favors Movant.**

Maintaining the stay imposes severe and ongoing prejudice upon Movant. Movant has suffered serious and permanent injuries requiring extensive medical treatment, has incurred substantial medical expenses, and has experienced significant loss of wages and earning capacity as a result of the Debtor's negligence. Movant's treating physician has documented her inability to return to work and the ongoing nature of her physical limitations. Every month that the stay remains in place further delays Movant's ability to obtain compensation for injuries she is actively suffering. By contrast, the Debtor suffers

no prejudice from allowing this matter to proceed — any liability will be borne entirely by its insurer, not by the estate.

**III. Lifting the Stay Will Not Interfere with the Debtor's Reorganization.**

The civil action pending in Oakland County Circuit Court is a personal injury tort claim covered by the Debtor's general liability insurance. Resolution of that claim will not require the payment of estate funds, will not disrupt the Debtor's reorganization plan, and will not affect creditors in the bankruptcy proceedings. Permitting Movant to liquidate her claim through the state court action — the most efficient forum for that purpose, as it is already filed and the parties have completed initial disclosures — will serve judicial economy and protect Movant's constitutional right to a jury trial on her personal injury claims.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Creditor Aline Ann Daniel respectfully requests that this Court enter an Order:

1. Granting relief from the automatic stay to permit Movant to proceed with the civil action in the Circuit Court for the County of Oakland, State of Michigan, Case No. 2026-220089-NO, to final judgment;

2. Permitting Movant to enforce any judgment obtained therein solely against the Debtor's liability insurance proceeds; and

3. Granting such other and further relief as this Court deems just and proper.

<div align="right">

Respectfully submitted,

/s/ *Nichole A. Omilion*
Nichole A. Omilion (P86380)

</div>

Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: nichole@markolaw.com

Dated: June 17, 2026

<div style="border:1px solid black;">

**<u>PROOF OF SERVICE</u>**

The Undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on June 17, 2026

| | |
|---|---|
| ☐ US Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☒ E-File/E-Mail |

Signature: <u>/s/ Christi M. Dumar</u>

</div>